UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER LEGARDY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO CITY COUNCEL,<br><br>　　　　　Defendant. | Case No. 2:24-cv-2353-TLN-CSK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE AND DENYING MOTION FOR CHANGE OF VENUE<br><br>(ECF Nos. 2, 4) |

　　　　Plaintiff Fletcher Legardy is proceeding in this action pro se.[1] Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's IFP application will be denied without prejudice because Plaintiff's IFP affidavit fails to establish that he cannot afford the filing fee.

　　　　Plaintiff's IFP application indicates Plaintiff receives "SSI - $1,200" from "Disability, or worker's compensation payments" during the past 12 months. ECF No. 2 at 1 ¶ 3. However, Plaintiff fails to disclose whether he receives other income from "Business, profession, or other self-employment," "Rent payments, interests, or dividends," "Pension, annuity, or life insurance payments," gifts or inheritances," or "any other sources." *Id*. at 1 ¶¶ 3(a)-(c), (e)-(f). Because of these omissions, Plaintiff's IFP

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

application fails to establish that he is entitled to prosecute this case without paying the required fees. Therefore, Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal in proper form.

In addition, Plaintiff has filed a motion for change of venue. (ECF No. 4.) The Court will deny Plaintiff's motion. The general federal venue statute pursuant to 28 U.S.C. § 1391(b) provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a court may transfer an action to another district under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice." Here, Plaintiff requests a change of venue "to have a jury trial in the Federal Court of a judges judgement in the Federal court, because [Plaintiff] always lose the judges judgment." ECF No. 4 at 1. However, the sole defendant, "Sacramento City Council", appears to be located in this district in Sacramento, California. (ECF No. 1-1 at 1.) Therefore, venue is proper in the Eastern District of California. *See* 28 U.S.C. § 1391(b). Therefore, Plaintiff's motion for change of venue (ECF No. 4) is DENIED.

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal in proper form;
2. Plaintiff's motion for change of venue (ECF No. 4) is DENIED; and
3. Plaintiff may file his renewed IFP application within thirty (30) days from the

date of this order. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

Dated: March 27, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, lega2353.24