UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER LEGARDY,<br><br>           Plaintiff,<br><br>    v.<br><br>SACRAMENTO CITY COUNCIL.<br><br>           Defendant. | Case No. 2:24-cv-2353-TLN-CSK<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 14) |

Pending before the Court is Defendant Sacramento City Council's motion to dismiss Plaintiff Fletcher Legardy's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted[1]. (ECF No. 14.) Plaintiff, who is proceeding without counsel, brings claims based on his allegations that he designed and personally financed the construction of a new Sacramento jail in 1972. The motion to dismiss is fully briefed and a hearing was held on September 9, 2025. (ECF Nos. 14, 15, 16.)

For the reasons that follow, the Court RECOMMENDS GRANTING Defendant's motion to dismiss.

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

I.   **BACKGROUND**

    A.   **Factual Background**[2]

In the Complaint, Plaintiff alleges that in 1972 he designed and personally financed the construction of a new Sacramento jail. *See* Compl. at 7. According to Plaintiff, this funding resulted in the construction of a new jail. *Id.* Plaintiff alleges that in February 2020, he submitted a letter at a Sacramento City Council meeting "about [his] past." *Id.* He also alleges that in 2024, Camp Resolution demanded the city to stop building towers at the Sacramento jail but the City refused. *Id.* According to Plaintiff, the refusal was based on the City's position that the jail and City Hall had been financed with private funds. *Id.* Plaintiff alleges such funds were supplied by him. *Id.* at 4. Plaintiff now seeks repayment of $200 million and asks that construction of the jail towers be halted until such repayment is made. *Id.* at 7.

In the Complaint, Plaintiff also recounts his personal experience with incarceration, beginning in 1972. Compl. at 7. He describes being confined in an overcrowded cell where all inmates were required to sleep on one side of the cell, while the other side was used for showers and eating breakfast. *Id.* Plaintiff further states that morning headcounts and meals were sometimes delayed, which occasionally led to fights among inmates. *Id.*

    B.   **Procedural Background**

Plaintiff filed his Compliant and motion to proceed in forma pauperis ("IFP") on August 29, 2024 (ECF No. 1). On March 28, 2025, the Court denied Plaintiff's IFP request without prejudice subject to renewal (ECF No. 5). On April 18, 2025, Plaintiff paid the filing fee and the Court issued summons (ECF No. 6). On May 23, 2025, the Court issued an order denying Plaintiff's motion for an extension of time and advised Plaintiff to complete service of the Complaint by July 17, 2025 (ECF No. 11). On July 24,

---

[2] These facts primarily derive from the Complaint (ECF No. 1), which is construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

2025, Defendant filed its motion to dismiss (ECF No. 14). On August 11, 2025, Plaintiff filed his opposition (ECF No. 15). On August 21, 2025, Defendant filed its reply. On September 9, 2025, the Court heard argument on the motion to dismiss.

## II.     LEGAL STANDARDS

### A.     Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *In re Cloudera, Inc.,* 121 F.4th 1180, 1190 (9th Cir. 2024). Though the court may not consider facts raised outside the complaint in its determination of a motion to dismiss, it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.     Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). Moreover, the court need not accept as true conclusory allegation, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).

/ / /

### III. DISCUSSION

Defendant Sacramento City Council moves to dismiss the Complaint in its entirety for failure to state a claim. *See* Def. MTD. For the following reasons, Defendant's motion to dismiss should be granted.

#### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Here, Plaintiff seeks damages for funds he allegedly provided to Defendant for the design and construction of the Sacramento jail in 1972. Compl. at 4. Plaintiff asserts federal question jurisdiction. *Id.* at 2. The Complaint does not, however, identify any federal question. *See id*. As discussed in more detail below, Plaintiff also confirmed at the hearing that he is not asserting an Eighth Amendment claim. Despite making allegations that meet the minimum amount in controversy required, diversity jurisdiction is not present where both Plaintiff and Defendant are citizens of California. *See* 28 U.S.C. § 1332(a)(1); Compl. The Court therefore lacks subject matter jurisdiction over the Complaint.

B. **Failure to State a Claim**

It is difficult to discern any cognizable legal theory or viable claim in the Complaint for which relief can be granted. *See* Compl.; *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-557 (2007) (requiring "enough facts to state a claim to relief that is plausible on its face"); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Therefore, the Complaint should be dismissed for failure to state a claim.

In an abundance of caution, Defendant notes that Plaintiff may be attempting to assert a constitutional claim under the Eighth Amendment relating to alleged unsafe conditions during his incarceration in 1972. *See* Def. MTD at 3. The Complaint does not appear to allege such a claim, and Plaintiff confirmed at the hearing that he is not alleging a violation of his Eighth Amendment rights. The Court further notes that even if such a claim was being asserted, such a claim against Defendant Sacramento City Council should be dismissed for failure to state a claim because the Complaint contains no specific allegations as to Defendant's connection to or involvement in jail operations. *See* Compl. To the extent Plaintiff seeks to impose liability based on Defendant's legislative actions or policymaking authority relating to the jail, such claims are barred by legislative immunity. *See Bogan v. Scott-Harris,* 523 U.S. 44, 48 (1998) (holding that local legislators, such as city councils, are absolutely immune from liability under § 1983 in their legislative capacities."). *Id.* at 49. Because the Complaint does not allege any facts showing direct involvement by Defendant Sacramento City Council in jail operations or identify any non-legislative conduct, dismissal under Rule 12(b)(6) is warranted. In addition, such a claim based on Plaintiff's allegation of his incarceration in 1972 is also time-barred where Plaintiff filed the Complaint in August 2024, decades after the claim's accrual. *See* Cal. Civ. Proc. Code § 352.1(a); *Johnson v. State of Cal.,* 207 F.3d 650, 654 (9th Cir. 2000) (statute of limitations for 42 U.S.C. § 1983 claims arising prior to 2003 is one-year, subject to a maximum two-year tolling for incarceration under California law); *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("the claim accrues when the plaintiff 'knows or has reason to know of the injury which is the

basis of the action.'"). Accordingly, dismissal under Rule 12(b)(6) is also proper because the untimeliness of the claim is apparent on the face of the complaint. *Thomas v. County of Humbolt, California*, 124 F.4th 1179, 1191 (9th Cir. 2024).

### C. Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31. Leave to amend should not be granted if the deficiencies of the complaint cannot be cured by amendment. *Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995).

As described above, the Court lacks subject matter jurisdiction. Consequently, the Complaint's deficiencies cannot be cured by amendment. Even if subject matter jurisdiction was satisfied, amendment would be futile because Plaintiff fails to allege a cognizable legal theory or claim. Accordingly, the Complaint should be dismissed without leave to amend.

### IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 14) be GRANTED;
2. Plaintiff's Complaint be DISMISSED without leave to amend; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time

1  may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,
2  455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

4  Dated:  October 14, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE